**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CHESTNUT HILL NY, INC., *et al.*,

                              Plaintiffs,

                                                      1:23-CV-1024
            v.                                         (BKS/DJS)

CITY OF KINGSTON,

                              Defendant.

**APPEARANCES:**                    **OF COUNSEL:**

THOMAS J. MINOTI, ESQ.
Counsel for Plaintiffs
1131 Route 55
Suite 6
Lagrangeville, New York 12540

OFFICE OF CORPORATION COUNSEL      BARBARA GRAVES-POLLER, ESQ.
City of Kingston                    MATTHEW JANKOWSKI, ESQ.
Counsel for Defendant
420 Broadway
Kingston, New York 12401

**DANIEL J. STEWART**
**United States Magistrate Judge**

**<u>DECISION and ORDER</u>**

Presently before the Court is a Motion to Proceed under the Pseudonym "John Doe" filed on behalf of three individual Plaintiffs.  Dkt. No. 12.  Defendants oppose the Motion.  Dkt. No. 39.  Because the individuals presently identified as John Does have not met their burden of establishing the continued entitlement to proceed under a pseudonym, the Motion is Denied.

According to the Amended Complaint, Plaintiff Chestnut Hill NY, Inc. operates a group home for individuals with disabilities in Kingston, New York. Dkt. No. 43, Am. Compl., ¶ 3. The home services individuals dealing with drug and alcohol addiction as well as mental and physical disabilities. *Id.* at ¶ 4. Also named as Plaintiffs are three adult male individuals, identified only as John Does, who reside at the home and allege that each is a "qualified individual" with a disability for purposes of various federal statutes. *Id.* at ¶¶ 6-8. As discussed in detail in the Amended Complaint, the home has been the subject of a long running dispute between its operators and the City of Kingston with respect to a variety of alleged violations of City codes. *Id.* at ¶¶ 13-67. Those disputes have been the subject of prior state and federal litigation between the parties. *See id.* at ¶ 18; *Chestnut Hill NY, Inc. v. City of Kingston*, 2017 WL 11418271, at *4 (N.D.N.Y. Feb. 22, 2017).

The Amended Complaint asserts three causes of action: 1) violation of the Fair Housing Act; 2) violation of the American with Disabilities Act; and 3) violation of the Fourteenth Amendment's Due Process Clause. Am. Compl. at ¶¶ 68-89. The John Doe Plaintiffs seek to continue to proceed in this matter under a pseudonym. Dkt. No. 12. Their former attorney has identified several grounds for seeking this relief: 1) their desire to avoid facing pressure to vacate the home, Dkt. No. 12-1, ¶¶ 2 & 5; 2) the fear of hostility from neighbors of the group home, *id.* at ¶ 8; and 3) one Plaintiff, though it is unclear which one, fears a hostile family member learning where he resides. *Id.* at ¶ 9.

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties." FED. R. CIV. P. 10(a). "A party seeking to proceed

under pseudonym bears a heavy burden, and will only be allowed to do so if private interests outweigh the countervailing public interest in full disclosure." *Doe v. Colgate Univ.*, 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016). The Second Circuit has provided a non-exhaustive list of factors to consider in balancing a plaintiff's interest in anonymity against the public interest in disclosure and any prejudice to defendants. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-190 (2d Cir. 2008). Those factors are as follow:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal quotation marks and citations omitted). Application of these factors to the particular facts of a case "is left to the sound discretion of the district court." *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, at *4 (S.D.N.Y. Nov. 26, 2012) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 190). "However, the bar

to proceed in Court anonymously is high." *Doe v. Delta Air Lines, Inc.*, 2023 WL 7000939, at *2 (E.D.N.Y. Sept. 7, 2023).

As to the first factor, the nature of this lawsuit itself does not present one involving matters that are highly sensitive. "Courts have found that cases relating to birth control, abortion, homosexuality, welfare rights of illegitimate children, and abandoned families are highly sensitive and of a personal nature." *Doe v. Skyline Autos Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019). Courts have even been divided on whether claims of sexual assault satisfy this requirement. *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020); *Doe v. Smith*, 2019 WL 6337305, at *2 (N.D.N.Y. Nov. 27, 2019). Certainly questions regarding compliance with local health and building codes do not rise to the level of highly sensitive. In addition, "[d]isability is not typically considered highly sensitive, and in any event must be pleaded - and hence disclosed - in every disability discrimination lawsuit." *Doe v. Black Diamond Cap. Mgmt. LLC*, 2023 WL 2648017, at *4 (S.D.N.Y. Mar. 27, 2023) (internal quotation omitted). Given that caselaw, the Court finds that this first factor does not favor anonymity.

The second and third factors look to whether identification poses potential harms or risks to the party seeking anonymity. Harm "described in only [] general, conclusory terms, ungrounded in any specifics" is insufficient to overcome the general presumption that a party should be identified in litigation. *Doe v. Black Diamond Cap. Mgmt. LLC*, 2023 WL 2648017, at *4. As a result, conclusory allegations are generally insufficient. *Doe v. Delta Air Lines, Inc.*, 2023 WL 7000939, at *3 (citing cases). Although a litigant's desire to shield himself from public scrutiny is understandable, "vague allegations of a

general potential for retaliation are insufficient to overcome the presumption of public access." *Doe v. Related Companies, LLP*, 2022 WL 4357615, at *2 (S.D.N.Y. Sept. 19, 2022).  The concerns cited above are insufficient under these standards.  First, none of the John Doe Plaintiffs has offered their own sworn statement outlining these concerns based on their personal experiences.  Second, while Plaintiffs express concern that identifying themselves will result in increased pressure from the City of Kingston to vacate their residence, Dkt. No. 12-1 at ¶¶ 2 & 5, the Court is unclear how disclosing their identities would heighten that pressure given the City's already expressed desire to close the facility.  Finally, Plaintiffs' general concern about potential hostility from neighbors and family members is entirely conclusory.  *Doe v. Related Companies, LLP*, 2022 WL 4357615, at *2.

As for the fourth factor, Plaintiffs are all adults, "who availed themselves to the courts by filing this suit." *Doe #1 v. Syracuse Univ.*, 2018 WL 7079489, at *6 (N.D.N.Y. Sept. 10, 2018) ), *report and recommendation adopted*, 2020 WL 2028285 (N.D.N.Y. Apr. 28, 2020).  As such, this factor does not weigh in favor of Plaintiffs' anonymity. That they also allege to be disabled, does not change this analysis.  *P.D. by H.D. v. Neifeld*, 2022 WL 818895, at *2 (E.D.N.Y. Mar. 1, 2022).

The fifth factor does favor Plaintiffs.  "When a lawsuit challenges governmental actions, actors, or policies, the plaintiff has a strong interest in proceeding anonymously." *Doe #1 v. Syracuse Univ.*, 2018 WL 7079489, at *7 (citing *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) and *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006)).

Moving to the sixth factor, Defendants contend they would be prejudiced by Plaintiffs being permitted to proceed anonymously.  Dkt. No. 39 at p. 4.  The Amended Complaint specifically alleges that Defendants have "intentionally discriminated" against each individual Doe Plaintiff.  Am. Compl. at ¶ 82.  To effectively defend the matter, Defendants, therefore, need to address each Plaintiff's individual circumstances.  Such a defense is heavily fact dependent, which weighs against relying on pseudonyms.  *Rapp v. Fowler*, 537 F. Supp. 3d 521, 532 (S.D.N.Y. 2021).

Although it is unclear in the record, it appears that Plaintiffs' anonymity has been maintained thus far.  As such, their request is not undercut by their identity already having been publicly disclosed.

The eighth and ninth factors deal with the public's interest in disclosure.  The issues presented in this case – the safe housing of individuals with disabilities – is one of clear public importance.  Moreover, this case, and the long running dispute underlying it, has garnered significant media attention over the years.  This weighs against allowing Plaintiffs to proceed anonymously.  When the public's interest in litigation is significant "the public has a legitimate interest in knowing the facts involved in [lawsuits].  Among those facts is the identity of the parties."  *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (internal quotation marks and citations omitted).

Finally as to the tenth factor, the Court sees no alternative manner of protecting Plaintiff's identity.  *Doe #1 v. Syracuse Univ.*, 2018 WL 7079489, at *9; *Doe v. Univ. of Connecticut*, 2013 WL 4504299, at *28 (D. Conn. Aug. 22, 2013).

"Identifying parties to a lawsuit is an important aspect of the requirement of openness and presumption of access to the courts, for the simple reason that the public has a right to know who is utilizing the courts." *Doe #1 v. Syracuse Univ.*, 2018 WL 7079489, at *3. Having considered the factors outlined above, the Court concludes that the public interest outweighs the largely speculative interests identified by the John Doe Plaintiffs in continuing to proceed anonymously and so they have not carried their "heavy burden." *Doe v. Smith*, 2019 WL 6337305, at *1.

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiffs' request to proceed under pseudonyms is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

Dated: November 21, 2023
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge